**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>Sean Mack<br>Darcy Baboulis-Gyscek<br>Pashman Stein Walder Hayden, P.C.<br>21 Main Street, Suite 200<br>Hackensack, New Jersey 07601<br>(201)488-8200<br>smack@pashmanstein.com<br>dbaboulis-gyscek@pashmanstein.com<br><br>*Attorneys for Anthony Barone and Anthony Martini*<br><br>In re:<br><br>CESAR PINA<br><br>                    Debtor. | Chapter 11<br><br>Case No. 25-10199-SLM<br><br>Hearing Date and Time:<br><br>February 4, 2025 at 10:00am<br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN OPPOSITION TO ORDER TO SHOW CAUSE TO DISMISS BANKRUPTCY PETITION**

Interested Parties Anthony Barone and Anthony Martini ("Interested Parties") hereby submit this opposition to the order to show cause entered by the Court to dismiss the bankruptcy petition filed by Cesar Pina (the "Debtor"), and respectfully state as follows:

**Preliminary Statement**

1. The Debtor, Cesar Pina, having invoked this Court's jurisdiction by filing a voluntary petition for bankruptcy protection should not be permitted to "game the system", interfere with and delay ongoing state court litigation, only to avoid the obligations imposed by the Bankruptcy Code on a debtor by having his case dismissed.

2. The Debtor is a principal of various entities, some of which have pending bankruptcy cases before this Court, that were used to execute a massive ponzi-like scheme. His

skeletal bankruptcy filing is just the most recent in a repetitive history of dilatory tactics and strategic use of the protection of Section 362 of the Bankruptcy Code to delay and interfere with state court proceedings against the Debtor and his related entities. As this Court previously did with another of the Debtor's entities that strategically filed a skeletal bankruptcy case without the required supporting documents, this Court should retain the jurisdiction that the Debtor has invoked and use the powers of the bankruptcy laws for the benefit of all creditors of this estate, the hundreds of victims of the Debtor's ponzi-like scheme.

### Background

3. Cesar Pina claimed to operate a successful property flipping empire known as "Flipping NJ," which gained widespread recognition and perceived legitimacy when it was promoted by Cesar's partner, Raashaun Casey a/k/a DJ Envy on his radio program, Power 105.1 "The Breakfast Club" and his social media with upwards of 2 million followers. Cesar Pina and DJ Envy also promoted their allegedly successful real estate deals through paid seminars and social media postings. With the fame achieved by Cesar Pina based on DJ Envy's promotion of his real estate deals, Cesar was able to induce many people to invest in real estate projects. Their exploits have been documented in numerous articles. E.g., https://nymag.com/intelligencer/article/breakfast-club-dj-envy-cesar-pina-ponzi-scheme-allegations.html (last visited 1/28/2025)

4. However, his flipping empire came crashing down in October 2023, when Cesar Pina was arrested and criminally charged by the United States with "knowingly and intentionally devised … a scheme and artifice to defraud and to obtain money and property by means of materially false fraudulent pretenses…." The criminal complaint alleges that Mr. Pina engaged in a Ponzi-like scheme in which he comingled investors' money and used it to pay off prior investors and cover personal expenditures. The complaint describes various joint ventures that he had with victims to develop

specific properties in Paterson, Maplewood and Hawthorne, which are alleged to be part of a larger scheme to defraud. (Mack Cert., Ex. A)

5. In addition to the pending criminal charges, Cesar Pina is a defendant in at least 20 civil lawsuits, along with a variety of his affiliated entities through which he ran the fraudulent scheme. (Mack Cert., Ex. B)

6. Involuntary bankruptcies have been filed by other victims, and orders for relief entered, against two of his companies used in the scheme, Whairhouse LLC (Case No. 23-17272) and From Start 2 Flipping, LLC (Case No. 24-17551).

7. Cesar Pina's skeletal voluntary petition, which led to this Court to automatically issue the order to show cause to dismiss this case, is straight out of Cesar and his wife's litigation play book. Cesar Pina's wife, Jennifer Pina, who is a partner in his real estate business, has caused multiple voluntary bankruptcy filings to occur to interfere with state court lawsuits.

8. Jennifer filed a skeletal bankruptcy petition under Chapter 13 of the Code on June 27, 2023, just as one of their creditors, PS Funding Inc., was about to foreclose on a nearly $800,000 construction loan issued to a Pina entity. *See In Re Jennifer Iturralde*, No. 23-bk-15505-RG (ECF No. 1); *see also PS Funding Inc. v. 169 Lexington Avenue LLC*, PAS-F-3633-21. Jennifer ignored this Court's order to show cause why her petition should not be dismissed due to her failure to file several documents, meet credit counseling requirements or pay the filing fee. This Court dismissed that petition on July 18, 2023. *Id.* (No. 23-bk-15505, ECF No. 19).

9. Jennifer filed another virtually identical skeletal petition for personal bankruptcy a week later on July 25, 2023, in connection with the PS Funding foreclosure. *See In Re Jennifer Iturralde*, No. 23-bk-16321-RG. This Court again dismissed that bankruptcy when Jennifer failed to respond to the Order to Show Cause.

10. Jennifer also filed a voluntary Chapter 11 petition for another Pina entity, Whairhouse Real Estate Investments, LLC, in connection with an imminent foreclosure on a $1.5 million dollar mortgage encumbering a Paterson property. *See In Re Whairhouse Real Estate Investments, LLC*, No. 23-bk-16723-RG (ECF No. 1); *See Colony American Finance 2016-2, LTD. v. Whairhouse Real Estate Investments, LLC*, PAS-F-021368-18.

11. Jennifer also filed a skeletal voluntary petition for relief on behalf of Taylor Court Apartments LLC (*In re Taylor Court Apartments LLC,* No. 23-bk-16641-RG), just minutes before a state court judge was to hear an application for a temporary restraining order to freeze the assets of that company. In that case Judge Gambardella initially issued an order to show cause to dismiss the case for failure to file supporting documents. However, for the same reasons set forth in this opposition, the Court determined not to dismiss the case and retained jurisdiction over that debtor because it was in the best interests of the estate.

12. Based on that conduct, this Court has entered orders appointing Marc Politan as the Chapter 11 Trustee over each of the Pinas other companies that are in bankruptcy, Whairhouse Real Estate Investments LLC (Case No. 23-16723-RG); Whairhouse LLC (Case No. 23-17272), Taylor Court Apartments LLC (Case No. 23-16641-RG), From Start 2 Flipping, LLC (Case No. 24-17551).

13. This skeletal bankruptcy filing is just one more example of the Pinas use of deficient bankruptcy filings to disrupt state court proceedings. The Debtor filed his voluntary petition on January 8, 2025, just days before a state court judge was set to hear a motion to compel the Debtor to turn over information about his assets in an effort to force the Debtor to pay $28,518.45 that the state court had ordered him to pay in August 2024. After filing for bankruptcy,

4

unsurprisingly, his state court attorney argued that the motion had to be denied because of the automatic stay. (Mack Cert., ¶7)

14. In the Whairhouse bankruptcy case, 64 claims have been filed asserting over $21 million in claims and in the Taylor Court case 5 creditors have filed claims of approximately $5 million. (Mack Cert., ¶4-5)

15. Based on bank records that have been obtained, the Pinas also have transferred significant amounts of funds between themselves and their various companies, which this Court likely will ultimately need to untangle or consolidate. (Mack Cert., ¶6)

16. With nearly twenty lawsuits alleging fraud having been filed against them, and the numerous claims filed in bankruptcy, it has become clear that the number of creditors/victims is substantial, there are numerous corporate entities involved, all created by the Pinas, funds have been transferred between entities without regard for corporate formalities, and the proverbial race to the courthouse for the Debtor's and the Pinas other companies' assets is well underway.

17. This court is uniquely qualified, and particularly more so than the multiple state courts hearing individual claims against individual companies and the Debtor, to systematically oversee the unraveling of this wide-ranging fraud and the marshalling of assets to satisfy the scores of victims.

18. The Debtor having invoked the jurisdiction of this Court, this Court should exercise it despite the Debtor's failure to comply with the obligations of a debtor-in-possession. Instead of rewarding their gamesmanship, this Court should do what Judge Gambardella previously did and what is in the best interests of the Debtor's estate and its creditors: retain jurisdiction over this Debtor.

### **Conclusion**

For the foregoing reasons it is respectfully requested that the order to show cause be denied and this Court retain jurisdiction over this case.

                                                   Respectfully submitted,

Dated: January 28, 2025                 **PASHMAN STEIN WALDER HAYDEN, P.C.**

                                                   */s/ Sean Mack*
                                                   Sean Mack
                                                   Darcy Baboulis-Gyscek
                                                   21 Main Street, Suite 200
                                                   Hackensack, New Jersey 07601
                                                   (201)488-8200
                                                   smack@pashmanstein.com
                                                   dbaboulis-gyscek@pashmanstein.com

                                                 *Attorneys for Anthony Barone and Anthony Martini*

## CERTIFICATE OF SERVICE

I, Sean Mack, hereby certify that on January 28, 2025, I caused a copy of the foregoing *OPPOSITION TO ORDER TO SHOW CAUSE* to be served on all parties who are scheduled to receive notice through the Court's ECF system.

**PASHMAN STEIN WALDER HAYDEN, P.C.**

*/s/ Sean Mack*
Sean Mack
Darcy Baboulis-Gyscek
21 Main Street, Suite 200
Hackensack, New Jersey 07601
(201)488-8200
smack@pashmanstein.com
dbaboulis-gyscek@pashmanstein.com

*Attorneys for Anthony Barone and Anthony Martini*